IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASHUNDRA ROGERS, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-1293-B |
| v. | § | 3:14-CR-0451-B (08) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. On May 12, 2015, she pled guilty to conspiracy to obstruct an official proceeding in violation of 18 U.S.C. §§ 371 and 1512(c). On November 5, 2015, the district court sentenced her to 60 months in prison. She did not file an appeal.

On May 4, 2016, Petitioner filed this § 2255 petition. She argues:

1.    She received ineffective assistance of counsel when counsel:

    (A)    failed to file an appeal;

    (B)    failed to inform Petitioner about the appeal process;

    (C)    failed to challenge the indictment, which was different than the judgment;

1

    2.     Her guilty plea was not voluntary.

On June 23, 2016, Petitioner added the claim that her sentence was unlawful under *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). (ECF No. 5.) On December 14, 2016, Petitioner filed an addendum to her petition in which she challenges her sentence under Amendment 794 of the Sentencing Guidelines. (ECF No. 12.)

On September 22, 2016, the government filed its response. On October 4, 2016, Petitioner filed a reply. October 10, 2017, the Court held an evidentiary hearing. The Court now finds the petition should be denied.

**II.**    **Factual Background**

The factual background is taken from the presentence report ("PSR").

    Beginning in July 2012, and continuing through November 2014, Petitioner participated in a drug trafficking organization led by co-defendant Patrick Lenard. (PSR ¶ 12.) Petitioner was involved in attempting to prevent a witness, Victim A, from testifying before a federal grand jury. In a recorded telephone conversation, Lenard spoke directly with Victim A and encouraged him/her not be become involved with law enforcement or judicial proceedings involving an earlier kidnaping and assault of Victim A. (PSR ¶ 29.) Petitioner was aware of this conversation and what it involved. (PSR ¶ 29.) In calls later the same day, Petitioner and other conspirators discussed Victim A's receipt of a grand jury subpoena and the date and time the testimony was to take place. (PSR ¶ 30.) Lenard and another coconspirator, Christina Staton, discussed their desire for Victim A "to go missing." Lenard instructed Staton to follow Victim A to the federal courthouse where he/she was to appear. (PSR¶ 32.) Staton, using Petitioner's vehicle, circled the federal courthouse and nearby parking lots searching for Victim A. (PSR ¶ 33.) A few days later, Lenard instructed Staton and Petitioner to begin recording conversations with Victim A. (PSR ¶ 36.)

    Petitioner was initially charged as part of the drug trafficking conspiracy and with conspiracies to commit intimidation to influence testimony and witness tampering. She pled guilty to a superseding information charging her with conspiracy to obstruct an official proceeding.

    Petitioner's advisory guideline range was 78 to 97 months' imprisonment. This was reduced to sixty months, which was the statutory maximum for the offense. (PSR ¶

92.)  The district court sentenced Petitioner to 60 months' imprisonment.

### III.  Discussion

**1.  Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues her guilty plea was not voluntary due to the ineffective assistance of counsel, she must show that her counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  Further, she must show prejudice by establishing "but for his counsel's alleged erroneous advice, she would not have pleaded

3

guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

    **A.**    **Appeal**

Petitioner claims her attorney, Dianne Jones McVay, failed to file an appeal and failed to inform her about the appellate process. In *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), the Supreme Court held that an attorney must consult with his client regarding filing an appeal. To "consult" requires that counsel make a reasonable effort to discover the defendant's wishes regarding an appeal. *Id*. at 478. If counsel consults with the defendant about filing an appeal, counsel is only deficient if he fails to follow the express instructions of the defendant. *Id*.; *United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (same).

Defense attorney McVay was appointed prior to sentencing, but after Petitioner pled guilty and entered a plea agreement. McVay submitted an affidavit disputing Petitioner's claims. (ECF No. 10 at 3-4.) McVay stated that after the sentencing hearing, Petitioner "indicated she had no desire to appeal her case." (*Id*. at 4.) McVay also submitted a copy of her file notes in which she wrote, "Notice of Appeal, No does not want to appeal." (*Id*. at 5.) At the evidentiary hearing on Petitioner's claims, McVay testified she made this note contemporaneously to her discussion with Petitioner. McVay testified that although Petitioner's sister contacted her after sentencing regarding obtaining some of Petitioner's property from the Mansfield Jail, neither Petitioner, nor her family members, contacted her to indicate that Petitioner changed her mind about not appealing.

Petitioner testified at the evidentiary hearing that after sentencing she asked McVay, "What about an appeal?" She stated McVay told her there was no need for an appeal, and that the judge would not grant an appeal. She testified that although she never asked McVay to file

4

an appeal, she never told McVay that she did not want an appeal.

Petitioner also testified that McVay did not tell her about the appeal process, or that her appeal must be filed within fourteen days.[1] McVay testified it was her practice to discuss the appeal process with her client, and where, as here, there is an appeal waiver, to discuss the client's limited right to appeal.

The Court finds McVay's testimony on these issues to be credible, and that Petitioner's testimony on these issues lacks credibility. The Court finds McVay informed Petitioner of her appellate rights, and that Petitioner told McVay she did not want to appeal. Petitioner's ineffective assistance claims should be denied.

### B. Indictment

Petitioner argues her counsel was ineffective for failing to challenge the indictment because the indictment language was "different from the judgment because the federal statues (sic) varied in the act." (ECF No. 2 at 4.) Petitioner, however, did not plead guilty to any of the charges from the original indictment. Instead, she pled guilty to a superseding information with the new charge of conspiracy to obstruct an official proceeding in violation of 18 U.S.C. §§ 371 and 1512(c). (CR ECF No. 189.) The judgment cites these same statutes. (CR ECF No. 336.) Petitioner's claim is without merit.

### 2. Guilty Plea

Petitioner argues her guilty plea was involuntary because she did not understand the

---

[1]During her plea hearing, Petitioner stated she understood that her plea agreement contained an appeal waiver and that she was giving up her right to appeal except in limited circumstances. (ECF No. 433 at 17-18.) During sentencing, the district judge informed Petitioner that she had 14 days in which to file an appeal. (ECF No. 425 at 23.)

nature of the charges or the consequences of her plea.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

The record shows that during the plea hearing, the magistrate judge informed Petitioner of her constitutional rights and the consequences of her plea. (CR ECF No. 433 at 5-6.) When informing Petitioner of the consequences of her plea, the magistrate judge stated:

6

> COURT: Now, if you plead guilty and Judge Boyle accepts that plea, there won't be a trial of any kind. By pleading guilty you give up your right to a trial as well as those other rights that go with it that I just described. And if you plead guilty you will be convicted of the offense charged by count 1 of the superseding information. Ma'am, do you understand the consequences of pleading guilty?
>
> PETITIONER: Yes.

(*Id*.)

Petitioner was also informed regarding the nature of the charge. She stated she discussed the charging instrument with her attorney and that she understood what she was being charged with. (*Id*. at 11.) She waived reading of the information, but the prosecutor read the essential elements of the offense. (*Id*.) Petitioner stated she understood each essential element, and she admitted she committed each essential element. (*Id*. at 12-13.) Petitioner's claim that she did not understand the nature of the charge is without merit.

The record shows Petitioner's guilty plea was knowing and voluntary. Petitioner stated she read and understood her plea agreement, and that she discussed the plea agreement with her attorney. (*Id*. at 13-14.) She stated she understood the appeal waiver, and that she voluntarily signed the appeal waiver and her plea agreement. (*Id*. at 16-17.) She was read the possible penalties for the offense, and she stated she understood the penalties. (*Id*. at 18-19.) She said the facts in her Factual Resume were true and correct, and that she signed the Factual Resume after reading it and discussing it with her attorney. (*Id*. at 19-20.) She stated that no one in any way had tried to make her plead guilty. (*Id*. at 13.) The Court finds Petitioner's claim that her guilty was not voluntary is without merit.

    **3.**    *Johnson v. United States*

Petitioner claims her sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act's ("ACCA") "violent felony" definition is void for vagueness. The ACCA, however, did not apply to Petitioner's sentence. *Johnson* therefore did not render her sentence unlawful. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA).

    **4.**    **Amendment 794**

Petitioner claims her sentence should be reduced under Amendment 794 of the Sentencing Guidelines. Petitioner requests a mitigation role adjustment under § 3B1.2 of the sentencing guidelines as clarified by Amendment 794.

Under 18 U.S.C. § 3582(c)(2) a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the Sentencing Guidelines has subsequently been lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009); *see also* U.S.S.G. § 1B1.10(a). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a).

Amendment 794 became effective on November 1, 2015. It did not alter the language of U.S.S.G. § 3D1.2, but merely clarified that, when determining a defendant's role in criminal activity for purposes of § 3B1.2, the court should compare the defendant's role to other participants in the criminal activity at issue, not to persons participating in other similar crimes.

Except on direct appeal, a clarifying amendment is not retroactively applicable unless it is

8

listed in U.S.S.G. § 1B1.10(d). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996); *United States v. Rodriguez*, 306 Fed. App'x 147, 148 (5th Cir. 2009). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). *See United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). Therefore, it does not apply retroactively under § 3582(c) and Petitioner's claim should be denied.

### IV. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's § 2255 petition be DENIED with prejudice.

IT IS SO ORDERED.

Signed this 17TH day of October, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

   A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).